Fuld, J.
There can be no doubt, as we recently had occasion to observe, that in the case of eavesdropping orders, “ as in the case of search warrants, there is a significant need for an adequate factual basis on which the Judge will be able to decide whether or not the order or warrant will issue.” (People v. McCall, 17 N Y 2d 152, 159.) However, before considering the existence of such “ adequate factual basis ” for the eavesdropping order before us, we are faced with a threshold question of the defendant’s standing to challenge the validity of the order.
The information, charging the defendant with crimes of bookmaking (Penal Law, § 986) and conspiracy (Penal Law, § 580), alleged, in effect, that he had arranged and conspired with one Peter Urbinati and his wife for the use of their telephone as an “ answering service ” for book-making and gambling operations in Nassau County. Although that telephone was not listed in the defendant’s name, there can be no doubt —indeed, it is the very theory of the prosecution itself — that, if the charges were true, the phone was actually being maintained and used for the defendant’s benefit. Accordingly, the defendant had standing to challenge and question the lawfulness of the eavesdropping order which permitted the police to tap the Urbinati phone and intercept communications over it. (Cf. Jones v. United States, 362 U. S. 257.)
*511 It follows that the defendant was entitled to an adjudication on the merits as to whether the eavesdropping order was improperly issued and the evidence secured by the consequent interception illegally obtained. The defendant properly asserted the lack of an “adequate factual basis” to support the order on his pretrial motion to suppress and, again, at his trial when he objected to the reception of the evidence secured as a result of the wiretapping. (See People v. Habel, 18 N Y 2d 148.) Relief was denied in both instances solely for the reason that he lacked standing and, as a result, the prosecution has never been required to substantiate the validity of the order. Our conclusion that the defendant had standing makes it incumbent upon the People, for the first time, to demonstrate that the order relating to the Urbinati telephone was based on reasonable grounds and, thus, the evidence of guilt legally procured. Accordingly, before we consider whether the defendant’s conviction is free from error, the People should be afforded an opportunity of showing that there was a ‘ ‘ reasonable ground to believe that evidence of crime [might] be * * * obtained ” by tapping the telephone or otherwise eavesdropping on it (Code Crim. Pro., § 813-a). We shall, therefore, withhold determination of this appeal (cf. People v. Cardaio, 18 N Y 2d 924; People v. Malinsky, 15 N Y 2d 86, 96), pending a hearing in the trial court to decide whether the County Court Judge, to whom the application for the eavesdropping order was made, had reasonable grounds to issue it.
The determination of this appeal should be withheld and the case remitted to the District Court of Nassau County for further proceedings in accordance with this opinion.