OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and defendant Five Boro Air Conditioning & Refrigeration Corporation’s cross motion for summary judgment granted. The certified question should be answered in the negative.
 

 According to plaintiffs’ submissions on their motion for summary judgment, the accident occurred when, while working on the installation of a sprinkler system at a Queens construction site, plaintiff Reding Nieves (hereinafter plaintiff) stepped from the bottom rung of a ladder onto a drop cloth covering the carpeted floor. As he did so, he allegedly tripped over a concealed portable light located underneath the cloth. Only his right foot remained on the ladder as his left foot hit the concealed object on the floor, causing him to twist his ankle, fall and incur injuries. Based on these facts, summary judgment should have been granted to defendant Five Boro dismissing plaintiffs Labor Law § 240 (1) cause of action.
 

 The extraordinary protections of Labor Law § 240 (1) extend
 
 *916
 
 only to a narrow class of special hazards, and do “not encompass
 
 any and all
 
 perils that may be connected in some tangential way with the effects of gravity”
 
 (Ross v Curtis-Palmer HydroElec. Co.,
 
 81 NY2d 494, 501 [emphasis in original]). The core objective of the statute in requiring protective devices for those working at heights is to allow them to complete their work safely and prevent them from falling. Where an injury results from a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first instance, no section 240 (1) liability exists
 
 (see, id.; see also, Melber v 6333 Main St.,
 
 91 NY2d 759, 763-764).
 

 Here, the ladder was effective in preventing plaintiff from falling during performance of the ceiling sprinkler installation. Thus, the core objective of section 240 (1) was met. As in
 
 Ross
 
 and
 
 Melber,
 
 plaintiffs injury resulted from a separate hazard wholly unrelated to the danger that brought about the need for the ladder in the first instance — an unnoticed or concealed object on the floor. There was no evidence of any defective condition of the ladder or instability in its placement. Hence, the risk to plaintiff was not the type of extraordinary peril section 240 (1) was designed to prevent. Rather, his injuries were the result of the usual and ordinary dangers at a construction-site. Therefore, plaintiff is not entitled to Labor Law § 240 (1) protection because no true elevation-related risk was involved here.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order, insofar as appealed from, reversed, etc.