(May 24, 2004)

■ Louis Aquilino et al., Appellants, v E.W. Howell Co., Inc., et al., Respondents. (And Other Titles.) [776 NYS2d 893]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered March 11, 2003, as denied their motion for summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action and as granted the cross motion of the defendant E.W. Howell Co., Inc., and that branch of the cross motion of the defendants Saks & Company and Simon Property Group, Inc., which were for summary judgment dismissing their Labor Law § 240 (1) cause of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Louis Aquilino (hereinafter the plaintiff) was hired to install a smoke alarm system in a newly-constructed store on property owned by the defendant Simon Property Group, Inc., and leased by the defendant Saks & Company. The plaintiff sustained injuries when he fell through an exit door into the loading dock well several feet below.

At the time of the accident, the plaintiff and his partner were working inside the store. The plaintiff's partner was on a single-man lift installing a smoke detector in the ceiling and the plaintiff was standing on the floor assisting him by pulling wire from one alarm to the next. The plaintiff fell through the exit door when, in an attempt to block a cold draft, he inserted a piece of cardboard into a window cutout on the door and inadvertently pushed open the door.

"The extraordinary protections of Labor Law § 240 (1) extend only to a narrow class of special hazards, and do 'not encompass any and all perils that may be connected in some tangential way with the effects of gravity' " (*Nieves v Five Boro A. C. & Refrig. Corp.*, 93 NY2d 914, 915-916 [1999], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). "The core objective of the statute in requiring protective devices for those working at heights is to allow them to complete their work safely and prevent them from falling. Where an injury results from a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first instance, no section 240 (1) liability exists" (*Nieves v Five Boro A.C. & Refrig. Corp., supra* at 916; *see Melber v 6333 Main St.*, 91 NY2d 759, 763-764 [1998]).

The work in which the plaintiff was involved, i.e., assisting his partner in the installation of smoke detectors, was wholly unrelated to an elevation-related hazard, i.e., the allegedly unsecured door through which he fell (*see Nieves v Five Boro A.C. & Refrig. Corp., supra*; *Rossi v Mount Vernon Hosp.*, 265 AD2d 542 [1999]; *Edwards v C & D Unlimited*, 289 AD2d 370 [2001]; *Masullo v City of New York*, 253 AD2d 541 [1998]). Rather, the door presented "the type of 'ordinary and usual' peril a worker is commonly exposed to at a construction site" (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 489 [1995]; *Alvia v Teman Elec. Contr.*, 287 AD2d 421, 422 [2001]).

As the plaintiffs failed to submit evidence sufficient to rebut the defendants' prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320

[1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]), the Supreme Court properly granted summary judgment dismissing the plaintiffs' Labor Law § 240 (1) cause of action.

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Townes, Mastro and Skelos, JJ., concur.