■ MENG SING CHANG et al., Appellants-Respondents, v HOMEWELL OWNER'S CORP., Respondent-Appellant. [831 NYS2d 547]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) so much of an order of the Supreme Court, Queens County (Golia, J.), dated March 16, 2005, as denied their motion for summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action and granted those branches of the defendant's cross motion which were for summary judgment dismissing the Labor Law § 241 (6) and § 200 causes of action, and (2) so much of an order of the same court dated July 21, 2005, as denied that branch of their motion which was for leave to renew their prior motion for summary judgment on the issue of liability under Labor Law § 240 (1), and the defendant cross-appeals from so much of the order dated March 16, 2005, as denied that branch of its motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action.

Ordered that the orders dated March 16, 2005 and July 21, 2005, respectively, are affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 21, 2005 is reversed insofar as cross-appealed from, and that branch of the motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The injured plaintiff was installing security cameras in the elevators of a building owned by the defendant. While on the roof of an adjacent garage, attaching cable to the wall of the building, the injured plaintiff fell when a metal grating upon which the ladder was resting collapsed. At his examination before trial, the injured plaintiff testified that he was standing on the second step of the ladder when he fell. However, the building's superintendent testified that after the accident, he observed the injured plaintiff and the metal grating at the bottom of the elevator shaft, while the ladder was still standing against the wall.

"To recover under Labor Law § 240 (1), a plaintiff must demonstrate that there was a violation of the statute and that the violation was a proximate cause of the accident" (*Marin v Levin Props., LP*, 28 AD3d 525 [2006], citing *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). "The

extraordinary protections of Labor Law § 240 (1) extend only to a narrow class of special hazards, and do 'not encompass any and all perils that may be connected in some tangential way with the effects of gravity' " (*Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 915-916 [1999], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). "Where an injury results from a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first instance, no section 240 (1) liability exists" (*Nieves v Five Boro A.C. & Refrig. Corp., supra* at 915, citing *Melber v 6333 Main St.*, 91 NY2d 759, 763-764 [1998]).

Here, the defendant met its prima facie burden of establishing its entitlement to judgment as a matter of law by demonstrating that the fall resulted from a "separate hazard wholly unrelated to the danger that brought about the need for the ladder in the first instance" (*Nieves v Five Boro A.C. & Refrig. Corp., supra* at 916; *see also Melber v 6333 Main St., supra; Aquilino v E.W. Howell Co., Inc.*, 7 AD3d 739 [2004]; *Masullo v City of New York*, 253 AD2d 541 [1998]).

In opposition, the plaintiffs failed to raise a triable issue of fact. Under such circumstances, that branch of the defendants' cross motion which was for summary judgment dismissing the plaintiffs' Labor Law § 240 (1) cause of action should have been granted.

In order to recover under Labor Law § 241 (6), a plaintiff must establish the violation of an Industrial Code provision which sets forth specific safety standards (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-505 [1993]; *Weingarten v Windsor Owners Corp.*, 5 AD3d 674, 677 [2004]). The Industrial Code provisions cited by the plaintiffs in their bill of particulars are inapplicable to the facts of this case, and therefore the plaintiffs failed to establish a prima facie showing of entitlement to judgment as a matter of law. Thus, that branch of the defendant's cross motion which was to dismiss the Labor Law § 241 (6) cause of action was properly granted (*see Weingarten v Windsor Owners Corp., supra*).

The defendant also met its prima facie burden of entitlement to summary judgment on the plaintiffs' Labor Law § 200 and common-law negligence causes of action. The plaintiffs conceded that the defendant did not supervise or control the injured plaintiff's work, and the record was devoid of any evidence suggesting that the defendant had actual or constructive notice of the allegedly dangerous condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473, 475 [2004]; *Lee v Bethel First Pentecostal Church of Am.*, 304 AD2d 798, 800 [2003]).

In opposition, the plaintiffs failed to raise a triable issue of fact. Therefore, that branch of the defendant's cross motion which was to dismiss the plaintiffs' Labor Law § 200 and common-law negligence causes of action was properly granted (*see Owen v Commercial Sites*, 284 AD2d 315 [2001]).

The plaintiffs' remaining contention is without merit. Mastro, J.P., Spolzino, Santucci and Fisher, JJ., concur.