■ Arlindo Andrade, Appellant, v Triborough Bridge & Tunnel Authority, Doing Business as MTA Bridges & Tunnels, et al., Respondents, et al., Defendant. (And Other Actions.) [857 NYS2d 563]—

Judgment, Supreme Court, Bronx County (Barry Salman, J.), entered August 17, 2006, inter alia, dismissing plaintiff's claims under Labor Law § 240 (1), unanimously affirmed, without costs.

There is no dispute that at the time of the accident plaintiff had completed his work of painting the archway of a bridge, and that the proper safety devices necessary to complete that work had been provided and did not fail to work. Thus, the hazard posed by the hole in the sidewalk of the bridge into which plaintiff fell while exiting the bridge was unrelated to the risk that brought about the need for the safety devices in the first place. Accordingly, there is no section 240 (1) liability (see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267 [2001]; Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 916 [1999]). The additional relief plaintiff seeks is unnecessary in view of this Court's prior order reinstating certain of his negligence claims (35 AD3d 256, 257 [2006]). Concur—Mazzarelli, J.P., Friedman, Sweeny and Moskowitz, JJ.

■ The People of the State of New York, Respondent, v Andre Batista, Appellant. [856 NYS2d 486]—Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered May 16, 2007, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of three years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The evidence established that an officer saw defendant obtain a handgun from another person.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Friedman, Buckley, Sweeny and Renwick, JJ.