Krarunzhiy v 91 Cent. Park W. Owners Corp. (2023 NY Slip Op 00211)

Krarunzhiy v 91 Cent. Park W. Owners Corp.

2023 NY Slip Op 00211

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-13928
 (Index No. 505246/15)

[*1]Hanna Krarunzhiy, etc., appellant, 
v
91 Central Park West Owners Corp., etc., respondent, et al., defendant.

Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Simon Q. Ramone of counsel), for appellant.
Gruvman, Giordano & Glaws, LLP, New York, NY (Charles T. Glaws and Jeffrey Nash of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated November 14, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant 91 Central Park West Owners Corp. which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it and denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on that cause of action insofar as asserted against that defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Mykhaylo Ohar, who was employed as a mason and painter, was allegedly injured while at work on a construction project at a building owned by the defendant 91 Central Park West Owners Corp. (hereinafter the owner). According to Ohar, while on his way to the locker room at the end of the work day, he was carrying a bucket of glue and attempting to descend temporary stairs leading from an upper scaffold to a lower scaffold, when he tripped over a rug-covered decorative metal building fixture located at the top of stairs and fell "in front of the steps" to the lower scaffold. The rug-covered fixture protruded from, and was attached to the building. At the time of the accident, the scaffold stairs lacked a handrail. Ohar commenced this action against the owner and the general contractor to recover damages for personal injuries alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. Ohar subsequently died, and the administrator of his estate was substituted as the plaintiff.
After joinder of issue and discovery, the owner moved, inter alia, for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against it. The plaintiff opposed the owner's motion and cross-moved, among other things, for summary judgment on the issue of liability on the Labor law § 240(1) cause of action insofar as asserted against the owner. The Supreme Court, inter alia, granted that branch of the owner's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it and denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on that cause of action insofar as asserted against the owner. The [*2]plaintiff appeals.
"To recover under Labor Law § 240(1), a plaintiff must demonstrate that there was a violation of the statute and that the violation was a proximate cause of the accident" (Meng Sing Chang v Homewell Owner's Corp., 38 AD3d 625, 626 [internal quotation marks omitted]). "The extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do 'not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 915-916, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501; see Meng Sing Chang v Homewell Owner's Corp., 38 AD3d at 626-627). "The core objective of the statute in requiring protective devices for those working at heights is to allow them to complete their work safely and prevent them from falling. Where an injury results from a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first instance, no section 240(1) liability exists" (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d at 916; see Melber v 6333 Main St., 91 NY2d 759, 763-764; Aquilino v E.W. Howell Co., Inc., 7 AD3d 739, 740).
Here, the owner established, prima facie, that Ohar's injury resulted from a separate hazard wholly unrelated to the risk that brought about the need for the safety device in the first instance, and that therefore he was not entitled to the protection of Labor Law § 240(1). There is no indication that the scaffold/stairs did not allow Ohar to safely complete his work at a height (see Melber v 6333 Main St., 91 NY2d at 764). Rather, the injury resulted from a separate hazard. The presence of the rug-covered metal fixture located at the top of the stairs that Ohar tripped over, was not "'the risk which brought about the need for the [scaffold and stairs] in the first instance'" (Cohen v Memorial Sloan-Kettering Cancer Ctr., 11 NY3d 823, 825, quoting Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d at 916; see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 99-100). Ohar's injury "'allegedly flowed from a deficiency in the device that was wholly unrelated to the hazard which brought about its need in the first instance' and did not interfere with or increase the danger of injury in the performance of his elevation-related task" (Melber v 6333 Main St., 91 NY2d at 764, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 501 [internal quotation marks omitted]). Ohar's injury was the result of "the usual and ordinary dangers at a construction site" (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d at 916; see Cohen v Memorial Sloan-Kettering Cancer Ctr., 11 NY3d at 825; Meng Sing Chang v Homewell Owner's Corp., 38 AD3d at 626-627). In opposition, the plaintiff failed to raise a triable issue of fact. For the same reasons, the plaintiff failed to meet her prima facie burden on that branch of her cross motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the owner.
Accordingly, the Supreme Court properly granted that branch of the owner's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it, and properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on that cause of action insofar as asserted against the owner.
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court