Rolle v JCDecaux St. Furniture N.Y., LLC
2026 NY Slip Op 02859
May 6, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Lamont Rolle, appellant,
v
JCDecaux Street Furniture New York, LLC, et al., respondents, MTA Bus Company, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 6, 2026
2024-03941, (Index No. 508333/17)
Mark C. Dillon, J.P.
William G. Ford
Deborah A. Dowling
Susan Quirk, JJ.

Elefterakis, Elefterakis & Panek (Eileen Kaplan and Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., New York, NY (Laurie DiPreta of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Patria Frias-Colon, J.), dated February 13, 2024. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants JCDecaux Street Furniture New York, LLC, CEMUSA NY, LLC, City of New York, and New York City Department of Transportation and granted those branches of the cross-motion of the defendants JCDecaux Street Furniture New York, LLC, CEMUSA NY, LLC, City of New York, and New York City Department of Transportation which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against them and the cause of action alleging a violation of Labor Law § 200 insofar as asserted against the defendants City of New York and New York City Department of Transportation.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the cross-motion of the defendants JCDecaux Street Furniture New York, LLC, CEMUSA NY, LLC, City of New York, and New York City Department of Transportation which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against them and the cause of action alleging a violation of Labor Law § 200 insofar as asserted against the defendants City of New York and New York City Department of Transportation, and substituting therefor a provision denying those branches of the cross-motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
On May 12, 2016, the plaintiff allegedly was injured when he was power-washing a bus shelter and an interior panel fell from the bus shelter and hit his head. At the time of the accident, the plaintiff was an employee of Dynaserv Industries, Inc., which contracted with the defendant CEMUSA NY, LLC (hereinafter CEMUSA), to clean bus shelters owned by CEMUSA. In 2015, the defendant JCDecaux Street Furniture New York, LLC (hereinafter JCDecaux), purchased CEMUSA and took over CEMUSA's contracts with the defendants City of New York and [*2]New York City Department of Transportation (hereinafter the DOT) for the maintenance of bus shelters.
In April 2017, the plaintiff commenced this action against, among others, JCDecaux, CEMUSA, the City, and the DOT (hereinafter collectively the defendants) to recover damages for negligence and violations of Labor Law §§ 200, 240(1), and 241(6). In July 2023, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants. In September 2023, the defendants cross-moved for summary judgment dismissing the causes of action alleging violations of Labor Law § 200, 240(1), and 241(6) insofar as asserted against them. In an order dated February 13, 2024, the Supreme Court, inter alia, denied the plaintiff's motion and granted those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against them and the cause of action alleging a violation of Labor Law § 200 insofar as asserted against the City and the DOT. The plaintiff appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Andrade v Bergen Beach 26, LLC, 215 AD3d 722, 722 [internal quotation marks omitted]; see Joseph v 210 W. 18th, LLC, 189 AD3d 1384, 1385). "The extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do not encompass any and all perils that may be connected in some tangential way with the effects of gravity" (Krarunzhiy v 91 Central Park West Owners Corp., 212 AD3d 722, 723 [internal quotation marks omitted]; see Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 915-916). "The single decisive question in determining whether Labor Law § 240(1) is applicable is whether the plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Carlton v City of New York, 161 AD3d 930, 932 [internal quotation marks omitted]; see Escobar v Safi, 150 AD3d 1081, 1083). "The burden of showing that an elevation-related risk exists, and that the owner or contractor did not provide adequate safety devices falls upon the plaintiff" (Broggy v Rockefeller Group, Inc., 8 NY3d 675, 681; see Zoto v 259 W. 10th, LLC, 189 AD3d 1523, 1524).
Liability under Labor Law § 240(1) may also be premised on falling objects if the plaintiff can demonstrate that at the time the object fell, it either was being hoisted or secured or required securing for the purposes of the undertaking (see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662-663; Quattrochi v F.J. Sciame Constr. Corp., 11 NY3d 757, 758-759; Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267-268; Wright v Pennings, 233 AD3d 827, 829). However, Labor Law § 240(1) "does not automatically apply simply because an object fell and injured a worker; [a] plaintiff must show that the object fell . . . because of the absence or inadequacy of a safety device of the kind enumerated in [§ 240(1)]" (Carlton v City of New York, 161 AD3d at 932 [internal quotation marks omitted]; see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d at 663).
Here, the defendants established that the accident was not the result of an elevation-related hazard or gravity-related risk encompassed by Labor Law § 240(1). It is undisputed that the plaintiff did not use a ladder and that he was standing on the sidewalk at all times while power-washing the bus shelter. Moreover, the record is clear that the panel that fell on the plaintiff was not being hoisted or secured or required securing for the purposes of the undertaking, i.e., power- washing the bus shelter (see Ramos v Kent & Wythe Owners, LLC, 236 AD3d 693, 694-695; Flores v Fort Green Homes, LLC, 227 AD3d 672, 673). In opposition, the plaintiff failed to raise a triable issue of fact. For the same reasons, the plaintiff failed to meet his prima facie burden on his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants (see Toefer v Long Is. R.R., 4 NY3d 399, 405; Krarunzhiy v 91 Cent. Park W. Owners Corp., 212 AD3d 722, 723). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants and granted that branch of the defendants' cross-motion which was for summary judgment [*3]dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them.
However, the Supreme Court should have denied those branches of the defendants' cross-motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against them and the cause of action alleging a violation of Labor Law § 200 insofar as asserted against the City and the DOT. Pursuant to the Kings County Supreme Court Uniform Civil Term Rules (hereinafter the Civil Term Rules), in matters where the City is not represented by the Tort Division of the Corporation Counsel's office, parties are required to move for summary judgment no later than 60 days after the filing of a note of issue, unless they obtain leave of court upon good cause shown (see Kings County Supreme Court Uniform Civil Term Rules, part C, rule 6; Souffrant v M & K Real Estate Assoc., LLC, 225 AD3d 914, 915). Absent a showing of good cause for the delay, an untimely motion or cross-motion for summary judgment must be denied without consideration of the merits, unless a timely motion was made on nearly identical grounds (see Wittenberg v Long Is. Power Auth., 225 AD3d 730, 732; Sikorjak v City of New York, 168 AD3d 778, 780). Here, the plaintiff filed a note of issue and certificate of readiness on May 17, 2023, the City was not represented by the Tort Division of the Corporation Counsel's office, and the defendants cross-moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6) insofar as asserted against them on September 6, 2023, more than one month after the deadline provided by the Civil Term Rules. The defendants proffered no excuse for the untimeliness of their cross-motion. Although that branch of the defendants' cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them raised a nearly identical issue as the plaintiff's motion for summary judgment on the issue of liability on that cause of action insofar as asserted against the defendants, those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6) insofar as asserted against them did not raise a nearly identical issue as the plaintiff's motion for summary judgment on the issue of liability on those causes of action insofar as asserted against the defendants, because the plaintiff's motion did not seek summary judgment on the issue of liability with regard to the causes of action alleging violations of Labor Law §§ 200 and 241(6) insofar as asserted against the defendants (see Wittenberg v Long Is. Power Auth., 225 AD3d at 732; Dojce v 1302 Realty Co., LLC, 199 AD3d 647, 650). Accordingly, the court should have denied those branches of the defendants' cross-motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against them and the cause of action alleging a violation of Labor Law § 200 insofar as asserted against the City and the DOT.
DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court