■ ANGELO MASULLO et al., Appellants, v CITY OF NEW YORK, Respondent. (And a Third-Party Action.) [677 NYS2d 162] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 26, 1997, as denied their motion for summary judgment on the issue of liability based upon a violation of Labor Law § 240 (1) and granted the defendant's cross motion for summary judgment dismissing that cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Angelo Masullo, an employee of the third-party

defendant A.F.C. Enterprises, Inc. (hereinafter AFC), was injured at a pumping station owned by the defendant City of New York (hereinafter the City). AFC had been retained by the City for the purpose of replacing certain sewer pipes located at the pumping station.

Having sustained injuries as a result of his falling into a manhole, the injured plaintiff commenced an action based, *inter alia*, on Labor Law § 240 (1). The Supreme Court granted the City's cross motion for summary judgment on the ground that the plaintiffs' proposed Labor Law § 240 claim lacked merit, for the injury was not the result of an elevation-related hazard.

While the manhole may have been negligently left uncovered, this is not one of the gravity-related hazards or perils subject to the safeguards prescribed by Labor Law § 240 (1) (*Rocovich v Consolidated Edison Co.,* 78 NY2d 509). To the contrary, the fall was the "type of 'ordinary and usual' peril a worker is commonly exposed to at a construction site" (*Misseritti v Mark IV Constr. Co.,* 86 NY2d 487, 489; *Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841; *McCague v Walsh Constr.,* 225 AD2d 530).

Additionally, Labor Law § 240 (1) is applicable to work performed at heights or where the work itself involves risks related to differentials in elevation (*see, Groves v Land's End Hous. Co.,* 80 NY2d 978; *Rocovich v Consolidated Edison Co., supra*). In the case herein, the work in which the injured plaintiff was involved was wholly unrelated to an elevation-related hazard, the manhole in which he fell, and thus, the City's cross motion for summary judgment was properly granted. Mangano, P. J., Sullivan, Florio and Luciano, JJ., concur.