■ KENNETH ROSSI et al., Appellants-Respondents, v MOUNT VERNON HOSPITAL, Respondent-Appellant. (And a Third-Party Action.) [697 NYS2d 164] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered October ·29, 1998, as granted that branch of the motion of the defendant Mount Vernon Hospital which was for summary judgment dismissing the second cause of action insofar as it was based on Labor Law § 240 (1), and the defendant cross-appeals from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the complaint in its entirety or, in the alternative, dismissing the first cause of action based on common-law negligence and the second cause of action insofar as it was based on Labor Law §§ 200 and 241 (6).

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff Kenneth Rossi, an employee of the City of Mount Vernon, was assigned to work on the renovation of the facade of an abandoned gas station owned by the defendant Mount Vernon Hospital (hereinafter the hospital). The renovation was undertaken as a beautification project by the City, using City personnel and materials donated by various businesses. Rossi entered the building in order to attach, from the inside, wood panels which had been placed on the outside facade, and he fell into an open grease pit. The plaintiffs subsequently commenced this action against the hospital in which they asserted claims based on common-law negligence and Labor Law §§ 200, 240 (1), and § 241 (6).

The.hospital moved for summary judgment dismissing the complaint on the ground, *inter alia,* that the project constituted a joint venture with the City, and therefore that Rossi's exclusive remedy was Workers' Compensation (*see, Felder v Old Falls Sanitation Co.,* 39 NY2d 855; *Mitchell v A.F. Roosevelt Ave. Corp.,* 207 AD2d 388). The Supreme Court properly

denied that branch of the hospital's motion which was based on that theory, as the evidence established that the renovation project did not constitute a joint venture as a matter of law (*see generally, Matter of Steinbeck v Gerosa,* 4 NY2d 302, 317; *Forman v Lumm,* 214 App Div 579, 583; *Schorsch v Schorsch,* 246 AD2d 313).

The hospital moved, in the alternative, for summary judgment dismissing the Labor Law claims asserted in the complaint. The Supreme Court properly dismissed the second cause of action insofar as it was based on a violation of Labor Law § 240 (1). The work at the construction site consisted solely of the renovation of the building facade at ground level and was wholly unrelated to the grease pits. Accordingly, Rossi's job did not involve the special elevation-related risks for which the safety devices in Labor Law § 240 (1) were prescribed (*see, Masullo v City of New York,* 253 AD2d 541; *Mazzu v Benderson Dev. Co.,* 224 AD2d 1009; *see also, Misseritti v Mark IV Constr. Co.,* 86 NY2d 487, 490-491; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514).

The hospital failed to establish its entitlement to dismissal of the plaintiffs' claim under Labor Law § 241 (6). The hospital contends that no cause of action lies under Labor Law § 241 (6) because the accident occurred inside the building, and the construction site was limited to the exterior of the building. For purposes of Labor Law § 241 (6), the construction site includes passageways to and from the place where the actual work is performed and areas where materials or tools are stored (*see, Zito v Occidental Chem. Co.,* 259 AD2d 1015; *Mazzu v Benderson Dev. Co., supra*; *Higgins v du Pont de Nemours Co.,* 186 AD2d 1011; *Sergio v Benjolo, N.V.,* 168 AD2d 235; *Brogan v International Business Machs. Corp.,* 157 AD2d 76). The evidence in the record presents a question of fact as to whether it was necessary for Rossi to traverse the portion of the building where the grease pits were located in order to complete his work on the facade.

Finally, the Supreme Court properly denied the hospital's motion insofar as it sought dismissal of the first cause of action based on common-law negligence and the Labor Law § 200 claim in the second cause of action. Whether it was unforeseeable that a worker on the project would enter the interior of the building, as the hospital contends, presents a question of fact (*see, Basso v Miller,* 40 NY2d 233). Mangano, P. J., O'Brien, Ritter and Schmidt, JJ., concur.