■ CARLOS MARIN, Appellant-Respondent, v ROOSEVELT ISLAND ASSOCIATES, Respondent-Appellant, and TINDEL WATERPROOFING, Respondent. [724 NYS2d 329] —In an action to recover damages for personal injuries, (1) the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated April 3, 2000, and the defendant Roosevelt Island Associates, s/h/a "John Doe" and "Richard Roe," d/b/a Roosevelt Island Associates cross-appeal, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment on its cross claim for contractual indemnification against the defendant Tindel Waterproofing, and (2) the defendant Roosevelt Island Associates, s/h/a "John Doe" and "Richard Roe," d/b/a Roosevelt Island Associates appeals from an order of the same court, dated October 26, 2000, which denied its motion for leave to renew.

Ordered that the appeal by the plaintiff from the order dated April 3, 2000, is dismissed as abandoned; and it is further,

Ordered that the order dated April 3, 2000, is affirmed insofar as cross-appealed from; and it is further,

Ordered that the order dated October 26, 2000, is reversed, as a matter of discretion, the motion for leave to renew is granted and, upon renewal, the prior determination in the order dated April 3, 2000, is adhered to; and it is further,

Ordered that one bill of costs is awarded to the defendant Tindel Waterproofing payable by the defendant Roosevelt Island Associates, s/h/a "John Doe" and "Richard Roe," d/b/a Roosevelt Island Associates.

The Supreme Court improvidently exercised its discretion in refusing to allow the defendant Roosevelt Island Associates, s/h/a "John Doe" and "Richard Roe," d/b/a Roosevelt Island As-

sociates (hereinafter Roosevelt Island) to file a reply on its cross motion (*cf., Ticor Tit. Guar. Co. v Bajraktari,* 261 AD2d 156), and in denying Roosevelt Island's motion for leave to renew that cross motion (*see,* CPLR 2221 [e]). Nevertheless, even had the Supreme Court considered the information which would have been contained in the reply, the denial of that branch of the cross motion which was for summary judgment on Roosevelt Island's claim for contractual indemnification against the defendant Tindel Waterproofing (hereinafter Tindel) was proper. Moreover, upon this Court's review of the additional evidence submitted on the motion to renew, we adhere to the prior determination of the Supreme Court. The plaintiff was injured while performing work under a certain proposal letter between Roosevelt Island and Tindel which contained no indemnification provision. However, a triable issue of fact exists as to whether the proposal letter constituted a separate contract, or a modification of a written contract between Roosevelt Island and Tindel which does contain an indemnification provision (*see, Matter of Bowes & Co. v American Druggists' Ins. Co.,* 61 NY2d 750; *see, Dauman Displays v Masturzo,* 168 AD2d 204). O'Brien, J. P., S. Miller, Smith and Crane, JJ., concur.