■ Matthew Cahill, Respondent, v Westchester Towers Owners Corp., Defendant and Third-Party Plaintiff-Appellant. Aquatic Recreational Management, Inc., Third-Party Defendant-Respondent. [745 NYS2d 38] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated August 2, 2001, as (1) granted the motion of the third-party defendant for summary judgment dismissing the second and fourth causes of action in the third-party complaint for contractual indemnification and to recover damages for breach of contract, (2) granted the plaintiff's cross motion for partial

summary judgment on the issue of liability on the Labor Law § 240 (1) claim and denied that branch of the cross motion of the defendant third-party plaintiff which was for summary judgment dismissing the Labor Law § 240 (1) claim, and (3), in effect, denied that branch of the cross motion which was for summary judgment dismissing the common-law negligence claim.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting the motion for summary judgment dismissing the second and fourth causes of action in the third-party complaint for contractual indemnification and to recover damages for breach of contract and substituting therefor a provision denying that motion, (2) deleting the provision thereof granting the plaintiff's cross motion for partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim and substituting therefor a provision denying the plaintiff's cross motion, and (3) deleting the provision thereof, in effect, denying that branch of the cross motion which was for summary judgment dismissing the plaintiff's common-law negligence cause of action and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

On May 12, 1997, the plaintiff, an employee of Aquatic Recreational Management, Inc. (hereinafter Aquatic), was injured when the diving board of a pool he had been painting collapsed, causing him to fall into the pool, on premises owned by the defendant Westchester Towers Owners Corp. (hereinafter WTO). WTO and Aquatic had previously entered into a contract in which Aquatic agreed to indemnify WTO for losses incurred "as a result of any breach of this agreement, or negligence" by Aquatic, and to "provide liability insurance and property damage insurance." Painting was excluded from the contract, which Aquatic performed under a separate agreement.

The plaintiff commenced this action against WTO alleging, among other things, common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). WTO commenced a third-party action against Aquatic seeking contractual indemnification and to recover damages for breach of an agreement to procure liability insurance.

The Supreme Court erred in granting partial summary judgment to the plaintiff on the issue of liability on his Labor Law § 240 (1) claim. Although painting a pool is work covered under Labor Law § 240 (1) (see Rivers v Sauter, 26 NY2d 260), a triable issue of fact exists as to whether the plaintiff was engaged

in an elevation related risk contemplated by Labor Law § 240 (1) (*see Bellantoni v I.C.E. Constr. Corp.,* 271 AD2d 560; *Rossi v Mount Vernon Hosp.,* 265 AD2d 542; *Masullo v City of New York,* 253 AD2d 541). The evidence in the record presents a question of fact as to whether it was necessary for the plaintiff to mount the diving board in order to complete his work (*see Rossi v Mount Vernon Hosp., supra* at 543).

The Supreme Court should have granted that branch of WTO's cross motion which was to dismiss the plaintiff's common-law negligence claim (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *Kanarvogel v Tops Appliance City,* 271 AD2d 409; *Sprague v Peckham Materials Corp.,* 240 AD2d 392).

The Supreme Court also erred in granting Aquatic's motion for summary judgment dismissing WTO's second and fourth causes of action for contractual indemnification and to recover damages for breach of contract (*see Inchaustegui v 666 5th Ave. Ltd. Partnership,* 96 NY2d 111; *Marin v Roosevelt Is. Assoc.,* 282 AD2d 719). Florio, J.P., Friedmann, H. Miller and Townes, JJ., concur.