SECOND DEPARTMENT, FEBRUARY, 2005

(February 7, 2005)

■ IOANNIS AMAXES et al., Respondents-Appellants, v NEWMARK & COMPANY REAL ESTATE, INC., et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents, and D.P. CONSTRUCTION CORP. et al., Respondents. D.P. PAINTING, INC., Third-Party Defendant-Respondent-Appellant. (And Another Third-Party Action.) [790 NYS2d 149]—

In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs, Newmark & Company Real Estate, Inc., and 230 Fifth Avenue Associates, appeal from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated December 4, 2003, as denied that branch of their cross motion which was for summary judgment dismissing the cause of action based upon Labor Law § 240 (1), the plaintiffs cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as denied their cross motion for summary judgment on the issue of liability under the cause of action based upon Labor Law § 240 (1) and granted that branch of the cross motion of the defendants Newmark & Company Real Estate, Inc., and 230 Fifth Avenue Associates which was for summary judgment dismissing the causes of action based upon Labor Law § 200 and common-law negligence and the third-party defendant D.P. Painting, Inc., cross-appeals, as limited by its notice of appeal and brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the cause of action in the third-party complaint for contractual indemnification.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly denied the plaintiffs' cross motion for summary judgment on the issue of liability under the cause of action based upon Labor Law § 240 (1) and that branch of the cross motion of the defendants Newmark & Company Real Estate, Inc., and 230 Fifth Avenue Associates (hereinafter the owners) which was for summary judgment dismissing that cause of action. Numerous issues of fact exist, inter alia, as to whether the accident was the result of an elevation-related hazard (*see Cahill v Westchester Towers Owners Corp.*, 295 AD2d 550 [2002]) and as to whether there was a failure to provide proper protection (*see Plass v Solotoff,* 283 AD2d 474 [2001]; *Basmas v J.B.J. Energy Corp.*, 232 AD2d 594 [1996]). Likewise there was an issue of fact as to whether the placement of the ladder was a proximate cause of the injured plaintiff's fall (*see Spenard v Gregware Gen. Contr.*, 248 AD2d 868 [1998]; *Khan v Convention Overlook,* 232 AD2d 529 [1996]).

The Supreme Court also properly granted that branch of the owners' cross motion which was for summary judgment dismissing the causes of action based upon Labor Law § 200 and common-law negligence. The owners demonstrated, as a matter of law, that they did not supervise or control the work (*see Dennis v City of New York*, 304 AD2d 611 [2003]; *Santoro v New*

*York City Tr. Auth.*, 302 AD2d 581 [2003]; *Bright v Orange & Rockland Util.*, 284 AD2d 359 [2001]). In opposition, the plaintiffs did not show the existence of a triable issue of fact.

Finally, the Supreme Court properly denied that branch of the motion of the third-party defendant D.P. Painting, Inc. (hereinafter DP), which was for summary judgment dismissing the owners' contractual indemnification cause of action in the third-party complaint. Although DP established its prima facie entitlement to summary judgment, in opposition, the owners demonstrated an issue of fact as to whether they and DP executed a contract containing an indemnification agreement (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Florio, J.P., Adams, S. Miller and Goldstein, JJ., concur.