■ DAVID PLOTNICK et al., Respondents, v WOK'S KITCHEN INCORPORATED, Defendant, and MAGIC EXTERMINATING Co., INC., et al., Appellants. [800 NYS2d 37]—

In an action to recover damages for personal injuries, etc., the defendants Magic Exterminating Co., Inc., Harold Byer, and Martin Byer appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated November 9, 2004, as denied their motion for summary judgment dismissing the causes of action to recover damages for violations of Labor Law §§ 240 (1) and 241 (6) and granted those branches of the plaintiffs' cross motion which were for summary judgment on those causes of action insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the causes of action to recover damages for violations of Labor Law §§ 240 (1) and 241 (6) are dismissed insofar as asserted against the appellants, and those branches of the cross motion which were for summary judgment on those causes of action insofar as asserted against the appellants are denied.

On March 15, 2001, the plaintiff David Plotnick (hereinafter the plaintiff), was performing roofing work on a building owned by the appellants in Queens. During the project, the appellants' employee asked him to go inside the restaurant of the defendant Wok's Kitchen Incorporated, which was located in the building to ascertain whether a space heater installed in the ceiling should be removed. While looking upward at the heater, the plaintiff took a step, and in so doing, fell into an unguarded

and uncovered stairwell opening, and landed midway down the staircase. The plaintiff allegedly sustained personal injuries as a result of the accident.

The plaintiffs commenced this action to recover damages, inter alia, for violations of Labor Law §§ 240 (1) and 241 (6). The appellants moved to dismiss those causes of action and the plaintiffs cross-moved, among other things, for summary judgment on those causes of action.

The Supreme Court should have granted the motion and denied those branches of the plaintiffs' cross motion which were for summary judgment on the cause of action to recover damages for violations of Labor Law §§ 240 (1) and 241 (6). While the staircase may have been negligently left uncovered, this was not a gravity-related hazard or peril subject to the safeguards prescribed by Labor Law § 240 (1) (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509 [1991]; *Masullo v City of New York*, 253 AD2d 541, 542 [1998]). "Additionally, Labor Law § 240 (1) is applicable to work performed at heights or where the work itself involves risks related to differentials in elevation" (*Masullo v City of New York, supra*, at 542). In this case, the work in which the plaintiff was involved at the time of the occurrence was wholly unrelated to an elevation-related hazard. Thus, the cause of action alleging violation of Labor Law § 240 (1) should have been dismissed.

The cause of action alleging violation of Labor Law § 241 (6) also should have been dismissed, since the area where the accident occurred was not one where "construction, excavation or demolition work [was] being performed" (Labor Law § 241 [6]). Cozier, J.P., S. Miller, Mastro and Rivera, JJ., concur.