Order, Supreme Court, New York County (Paul Wooten, J.), entered August 8, 2011, which, to the extent appealed from as limited by the briefs, denied plaintiffs motion for'partial summary judgment on the issue of liability on his claims under Labor Law §§ 240 (1) and 241 (6) to the extent it is predicated on a violation of 12 NYCRR 23-1.7 (b) (1), unanimously reversed, on the law, with costs, and summary judgment granted to plaintiff on these claims.
Plaintiff was injured when an access door in the floor of the soffit, or attic, where he was working opened downward, causing him to fall approximately 12 to 13 feet to the floor below. Plaintiff, who was removing asbestos from the pipes in that area, was unaware of the door and did not see the door because it was covered by plastic. The record shows that the work area, which plaintiff described as an attic containing air conditioning, electrical cables and pipes, was above the first floor of the building. Plaintiff gained access to the attic, not by the door that caused his accident, but by using a ladder and climbing through a hole that had been opened to that area for the purpose of the asbestos removal. The access door, through which plaintiff fell, was a downward opening door and it was intended to be used only to gain access, from the first floor, to the pipes, valves, etc. that were contained in the attic. As explained by the general contractor Tishman’s first vice president, access doors are placed to be used to access something that is right above the door, e.g., a valve; one opens the door and reaches to access the valve.
Under these circumstances, there is no genuine issue of fact as to whether it was foreseeable that the door, which was not intended for use as a floor, but instead intended only to enable one to reach up from the floor below, would fail when traversed upon by plaintiff (compare Espinosa v Azure Holdings II, LP, 58 AD3d 287, 293 [1st Dept 2008] [triable issue as to whether sidewalk collapse was foreseeable]; Jones v 414 Equities LLC, 57 AD3d 65, 80 [1st Dept 2008] [plaintiff failed to make prima facie showing that collapse of floor was foreseeable risk]). This is especially so where plaintiff was unaware of the door, and therefore could not take any steps to avoid it. Accordingly, plaintiff was entitled to summary judgment on his Labor Law § 240 (1) claim.
*541 Nor do we perceive any triable issue as to whether the access door was sufficiently substantial or adequately fastened in place to guard the hazardous opening. Thus, summary judgment based on a violation of 12 NYCRR 23-1.7 (b) (1) (i) is warranted.
Concur—Andrias, J.R, Saxe, DeGrasse, Abdus-Salaam and Feinman, JJ.