■ BRUCE CAREY et al., Respondents-Appellants, v FIVE BROTHERS, INC., et al., Appellants-Respondents, et al., Defendant. (And Third-Party Actions.) [966 NYS2d 153]—

In an action to recover damages for personal injuries, etc., the defendants Five Brothers, Inc., J. Petrocelli Contracting, Inc., and Darr Contracting Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated November 21, 2011, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them, the defendants HK New Plan Marwood Sunshine Cheyenne, LLC, New Plan Excel Realty Trust, Inc., Stop & Shop Supermarket Company, Stop & Shop Food Stores, Inc., and Stop & Shop, Inc., separately appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6).

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the cross motions which were for summary judgment dismissing the causes of ac-

tion alleging violations of Labor Law §§ 240 (1) and 241 (6), and substituting therefor provisions granting those branches of the cross motions; as so modified, the order is affirmed insofar as appealed from and cross-appealed from, without costs or disbursements.

On January 28, 2005, Bruce Carey (hereinafter Carey) allegedly was injured at the construction site of a new supermarket in Medford. As Carey, who was a supervisor for one of the subcontractors on the project, returned from the building to his truck after delivering equipment and supplies to his crew, he fell partially through an open manhole atop a 10-foot-deep precast drainage vault. Although the structure of the drainage vault included a metal collar for the manhole cover, both the collar and the cover had been dislodged. The record does not disclose when, how, or by whom the collar and cover had been dislodged. It is undisputed that a significant amount of snow had fallen in the week prior to the incident and that a significant amount of snow remained on the ground when Carey was injured, including in the area where the collar and manhole cover had been dislodged. Carey, and his wife suing derivatively, commenced this action against various entities, including the owners and lessees of the property (HK New Plan Marwood Sunshine Cheyenne, LLC, New Plan Excel Realty Trust, Inc., Stop & Shop Supermarket Company, Stop & Shop Food Stores, Inc., and Stop & Shop, Inc.; hereinafter collectively the Stop & Shop defendants), as well as the construction manager and certain contractors (J. Petrocelli Contracting, Inc., Five Brothers, Inc., and Darr Contracting Corp.; hereinafter collectively the Petrocelli defendants). The plaintiffs asserted causes of action alleging, inter alia, common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6).

The plaintiffs moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). The Stop & Shop defendants and the Petrocelli defendants separately crossed-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied the motion and cross motions in their entirety. On appeal, the plaintiffs and both sets of defendants challenge various aspects of the Supreme Court's order.

The Supreme Court should not have denied the plaintiffs' motion on the ground that the certified deposition transcripts submitted by them were not signed. By submitting the transcript of Carey's deposition, the plaintiffs adopted it as accurate (*see Rodriguez v Ryder Truck, Inc.*, 91 AD3d 935, 936 [2012]; *Ashif*

*v Won Ok Lee*, 57 AD3d 700, 700 [2008]). Further, the Stop & Shop defendants and the Petrocelli defendants did not challenge the accuracy of any of the transcripts submitted by the plaintiffs (*see Femia v Graphic Arts Mut. Ins. Co.*, 100 AD3d 954, 955 [2012]; *Pevzner v 1397 E. 2nd, LLC*, 96 AD3d 921, 921-922 [2012]; *Rodriguez v Ryder Truck, Inc.*, 91 AD3d at 936; *Zalot v Zieba*, 81 AD3d 935, 936 [2011]). Consequently, those deposition transcripts were admissible (*see Femia v Graphic Arts Mut. Ins. Co.*, 100 AD3d at 955). Likewise, the Supreme Court should not have denied that branch of the Stop & Shop defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that they failed to submit the pleadings in the action (*cf.* CPLR 3212 [b]). The plaintiffs had already submitted all of the pleadings in support of their own motion, and the Stop & Shop defendants expressly incorporated the exhibits already submitted by the plaintiffs into their cross motion (*see Daramboukas v Samlidis*, 84 AD3d 719, 721 [2011]; *Carlson v Town of Mina*, 31 AD3d 1176, 1177 [2006]; *cf. Welch v Hauck*, 18 AD3d 1096, 1098 [2005]; *Gallagher v TDS Telecom*, 280 AD2d 991, 991 [2001]).

The Supreme Court erred in denying those branches of the cross motions which were to dismiss the cause of action alleging a violation of Labor Law § 240 (1). Carey's injuries, although allegedly the result of a fall, did not arise in the context of the "special hazards" against which the statute is designed to protect, namely, "the exceptionally dangerous conditions posed by elevation differentials at work sites" (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491 [1995]). Not every gravity-related injury is within the ambit of Labor Law § 240 (1) (*see Coleman v Crumb Rubber Mfrs.*, 92 AD3d 1128, 1128-1129 [2012]; *Meslin v New York Post*, 30 AD3d 309, 310 [2006]; *Plotnick v Wok's Kitchen Inc.*, 21 AD3d 358, 359 [2005]; *Aquilino v E.W. Howell Co., Inc.*, 7 AD3d 739, 740 [2004]; *Edwards v C & D Unlimited*, 289 AD2d 370, 372 [2001]; *Alvia v Teman Elec. Contr.*, 287 AD2d 421, 422 [2001]; *D'Egidio v Frontier Ins. Co.*, 270 AD2d 763, 765 [2000]; *Masullo v City of New York*, 253 AD2d 541, 542 [1998]; *cf. Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 916 [1999]; *Klos v New York City Tr. Auth.*, 240 AD2d 635, 636-637 [1997]; *Allen v City of Buffalo*, 161 AD2d 1134, 1134-1135 [1990]). Similarly, the court should have granted those branches of the cross motions which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 241 (6). A plaintiff asserting a cause of action under Labor Law § 241 (6) must demonstrate a violation of a rule or regulation of the Industrial Code which gives a specific positive command, and is applicable to the facts of the case (*see Rizzuto*

*v L.A. Wenger Contr. Co.*, 91 NY2d 343, 349 [1998]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-505 [1993]). None of the regulations on which the plaintiffs relied was applicable to the factual scenario presented here (*see Balladares v Southgate Owners Corp.*, 40 AD3d 667, 670 [2007]; *cf. Espinosa v Azure Holdings II, LP*, 58 AD3d 287, 293 [2008]; *Godoy v Baisley Lbr. Corp.*, 40 AD3d 920, 923-924 [2007]; *Davidson v E.Q.K. Green Acres*, 298 AD2d 546, 547 [2002]).

The Supreme Court, however, properly denied those branches of the cross motions which were to dismiss the causes of action alleging common-law negligence and violation of Labor Law § 200. Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d at 352). In cases where a worker at a job site is injured as a result of a dangerous or defective premises condition, a defendant moving for summary judgment must establish prima facie that it neither created the allegedly dangerous condition nor had actual or constructive notice of it (*see McLean v 405 Webster Ave. Assoc.*, 98 AD3d 1090, 1093-1094 [2012]; *Ortega v Puccia*, 57 AD3d 54, 62 [2008]). Here, the Stop & Shop defendants and the Petrocelli defendants failed to establish prima facie that they neither created nor had constructive notice of the allegedly dangerous condition presented by the dislodged collar and manhole cover (*see McLean v 405 Webster Ave. Assoc.*, 98 AD3d at 1093-1094; *Rodriguez v BCRE 230 Riverdale, LLC*, 91 AD3d 933, 935 [2012]; *Eversfield v Brush Hollow Realty, LLC*, 91 AD3d 814, 816 [2012]). Accordingly, the burden never shifted to the plaintiffs to raise a triable issue of fact in opposition as to those causes of action (*see Fusca v A & S Constr., LLC*, 84 AD3d 1155, 1157 [2011]).

The parties' remaining contentions are without merit. Dillon, J.P., Balkin, Austin and Sgroi, JJ., concur. **[Prior Case History: 2011 NY Slip Op 33066(U).]**