Fiore v Westerman Constr. Co., Inc. (2020 NY Slip Op 04460)





Fiore v Westerman Constr. Co., Inc.


2020 NY Slip Op 04460


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-07767
 (Index No. 600896/14)

[*1]Randal Fiore, respondent, 
v
Westerman Construction Company, Inc., et al., defendants, Eurotech Construction Corp., appellant (and a third-party action).


McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Patrick W. Brophy of counsel), for appellant.
Dell & Dean, PLLC, Garden City, NY (Michael D. Schultz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Eurotech Construction Corp. appeals from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered June 7, 2017. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Eurotech Construction Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
The subject incident occurred during a renovation of the New York Public Theater in Manhattan. The defendant Westerman Construction Company, Inc. (hereinafter Westerman), the construction manager for the project, hired the defendant Eurotech Construction Corp. (hereinafter the appellant) to, among other things, put in new concrete steps and a disability ramp at the front entrance of the building, as well as to replace and widen the sidewalk and put in a ConEdison vault underneath the sidewalk. While most of the appellant's work was performed outside the building, it also performed some work inside in the basement of the building. Westerman hired Trystate Mechanical, Inc. (hereinafter Trystate), as the HVAC subcontractor, and Trystate hired Striker Sheet Metal II Corp. (hereinafter Striker) as the sheet metal subcontractor. On January 10, 2012, the plaintiff, who was employed by Striker, allegedly suffered injuries when, while pushing a hand truck that contained pieces of duct work up a temporary wooden construction ramp, he slipped and fell on construction debris consisting of what he described as scrap pieces of plywood. The plaintiff testified at his deposition that on the day of the accident, he had been instructed by his supervisor to bring the duct work pieces inside the building through the front door of the main entranceway of the building because the pieces were large and would not fit through the side door he usually used to access the building. According to the plaintiff, a temporary wooden construction ramp was in place leading to the front of the building. The plaintiff testified that one of the tires on the hand truck was partially deflated, and that when he had walked approximately four feet up the ramp, the duct [*2]work shifted; in trying to stabilize the hand truck, he took a step back, and slipped on the pieces of plywood.
The plaintiff commenced this action against the appellant, among others, alleging violations of Labor Law §§ 200, 240(1) and 241(6), and common-law negligence. Thereafter, the appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court, inter alia, denied the appellant's motion. We reverse insofar as appealed from.
To hold a defendant liable as an agent of the general contractor or the owner for violations of Labor Law §§ 240(1) and 241(6), there must be a showing that it had the authority to supervise and control the work that brought about the injury (see Eliassian v G.F. Constr., Inc., 163 AD3d 528, 529-530). "The determinative factor is whether the party had the right to exercise control over the work, not whether it actually exercised that right" (Bakhtadze v Riddle, 56 AD3d 589, 590 [internal quotation marks omitted]). "Where the owner or general contractor does in fact delegate the duty to conform to the requirements of the Labor Law to a third-party subcontractor, the subcontractor becomes the statutory agent of the owner or general contractor" (Van Blerkom v America Painting, LLC, 120 AD3d 660, 661-662).
Here, the appellant established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against it by demonstrating that it was not an agent of the general contractor or the owner with regard to the plaintiff's work (see Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 697). There was no evidence that the appellant had any authority to supervise or control the work of the plaintiff, who was an employee of Striker, the sheet metal subcontractor, that was hired by Trystate, the HVAC subcontractor, which had been hired by Westerman, the construction manager. The deposition testimony of Westerman's employee, William Carr, and the appellant's employee, Gerhard Hubrich, established that the appellant was merely a subcontractor of Westerman hired in the capacity to build the new entrance to the building from the street. The deposition testimony of the plaintiff and Kenneth Spaun, the plaintiff's supervisor, demonstrated that only Spaun gave instructions to the plaintiff with regard to the performance of his work. In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Furthermore, the appellant established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it by demonstrating that it did not have control over the work site (see Hartshorne v Pengat Tech. Inspections, Inc., 112 AD3d 888,890). The deposition testimony of the appellant's employee, Gerhard Hubrich, and Westerman's employee, Carr, demonstrated that the appellant was no longer present at the work site where the plaintiff's accident occurred on January 10, 2012, as the appellant had completed its work in front of the building prior to that time. Hubrich testified that photographs depicting the front of the building in December 2011 demonstrated that the appellant's work in this area was completed. Specifically, a photograph evidencing the installation of stone on the concrete steps that the appellant had previously poured established that the appellant was finished with its work prior to December 20, 2011. While Hubrich testified that the appellant was present on the site in January 2012, at this point in time the appellant was working inside the building in the basement, having completed the work in front of the building. In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
LEVENTHAL, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court