Bonkoski v Condos Bros. Constr. Corp. (2023 NY Slip Op 02296)

Bonkoski v Condos Bros. Constr. Corp.

2023 NY Slip Op 02296

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-05931
 (Index No. 3094/16)

[*1]Thomas Bonkoski, appellant, 
v
Condos Brothers Construction Corp., et al., respondents (and a third-party action).

Edward R. Young (Musman Law, LLC, Elmsford, NY [Marc J. Musman], and Larry Bonchonsky of counsel), for appellant.
Kennedys Law, LLP, New York, NY (Elizabeth J. Streelman of counsel), for respondent Condos Brothers Construction Corp.
Goldberg Segalla, LLP, Garden City, NY (J. Daniel Velez of counsel), for respondents Sachi Contractors, Inc., BAPS Melville, LLC, and BAPS Northeast Development, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William J. Condon, J.), dated May 18, 2020. The order, insofar as appealed from, (1) granted those branches of the motion of the defendant Condos Brothers Construction Corp. which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(b)(1)(i), insofar as asserted against it, (2) denied the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 200 and 240(1), and common-law negligence, and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(b)(1)(i), insofar as asserted against the defendants Sachi Contractors, Inc., BAPS Melville, LLC, and BAPS Northeast Development, Inc., and (3) granted those branches of the motion of the defendants Sachi Contractors, Inc., BAPS Melville, LLC, and BAPS Northeast Development, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1), and common-law negligence, and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(b)(1)(i), insofar as asserted against them.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the defendants Sachi Contractors, Inc., BAPS Melville, LLC, and BAPS Northeast Development, Inc., which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence, and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(b)(1)(i), insofar as asserted against them, and substituting therefor a provision denying those branches of the motion, (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so [*2]much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(b)(1)(i) insofar as asserted against the defendants Sachi Contractors, Inc., BAPS Melville, LLC, and BAPS Northeast Development, Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant Condos Brothers Construction Corp., payable by the plaintiff.
The plaintiff, a plumbing foreman employed by nonparty Preferred Plumbing & Heating, Inc. (hereinafter Preferred Plumbing), allegedly was injured when he fell into an obscured or partially covered manhole at a construction project on premises owned by the defendants BAPS Melville, LLC, and BAPS Northeast Development, Inc. (hereinafter together the BAPS defendants). The BAPS defendants had retained the defendant Sachi Contractors, Inc. (hereinafter Sachi), as the general contractor for the construction project. Sachi had retained Preferred Plumbing to perform plumbing work on the project, and had retained the defendant Condos Brothers Construction Corp. (hereinafter Condos) to perform drainage work, including installing manholes. The plaintiff commenced this action to recover damages for personal injuries against Sachi, the BAPS defendants, and Condos, alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. In an order dated May 18, 2020, the Supreme Court, inter alia, granted those branches of the motion of Condos which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(b)(1)(i), insofar as asserted against it, denied the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 200 and 240(1), and common-law negligence, and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(b)(1)(i), insofar as asserted against Sachi and the BAPS defendants, and granted those branches of the motion of Sachi and the BAPS defendants which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1), and common-law negligence, and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(b)(1)(i), insofar as asserted against them. The plaintiff appeals.
We affirm the granting of those branches of the motion of Condos which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(b)(1)(i), insofar as asserted against it, but on different grounds from those relied upon by the Supreme Court. The express terms of Labor Law §§ 240(1) and 241(6) provide that "the nondelegable duties imposed by those statutes apply only to 'contractors and owners and their agents'" (Krajnik v Forbes Homes, Inc., 120 AD3d 902, 904; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 293). "To hold a defendant liable as an agent of the general contractor or owner for violations of Labor Law §§ 240(1) and 241(6), there must be a showing that it had the authority to supervise and control the work that brought about the injury" (Fiore v Westerman Constr. Co., Inc., 186 AD3d 570, 571; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 293; Russin v Louis N. Picciano & Son, 54 NY2d 311, 318; Bakhtadze v Riddle, 56 AD3d 589, 590). Here, Condos established, prima facie, that it was not an agent of either Sachi or the BAPS defendants at the time of the plaintiff's accident with evidence that its supervision responsibilities on the worksite were limited to those times when its work was in progress, and that it had left the worksite several weeks prior to the plaintiff's accident after completing its work to the satisfaction of both Sachi and an inspector from the Town of Huntington (see Fiore v Westerman Constr. Co., Inc., 186 AD3d at 571-572). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The Supreme Court properly granted that branch of the motion of Sachi and the BAPS defendants which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them. Labor Law § 240(1) "imposes upon owners and general contractors, and their agents a nondelegable duty to provide workers proper protection from elevation-related hazards" (Zoto v 259 West 10, LLC, 189 AD3d 1523, 1524, citing Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500; see McCarthy v Turner Constr., Inc., 17 NY3d 369, 374). The statute "was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm [*3]directly flowing from the application of the force of gravity to an object or person" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 501 [emphasis omitted]). "Not every gravity-related injury is within the ambit of Labor Law § 240(1)" (Carey v Five Bros., Inc., 106 AD3d 938, 940). "'Whether a plaintiff is entitled to recovery under Labor Law § 240(1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies'" (Toalongo v Almarwa Center, Inc., 202 AD3d 1128, 1130, quoting Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7).
Here, Sachi and the BAPS defendants established, prima facie, that the plaintiff's injuries, though the result of a fall, did not result from an elevation-relation hazard encompassed by Labor Law § 240(1) (see Rocovich v Consolidated Edison Co., 78 NY2d 509, 514; Carey v Five Bros., Inc., 106 AD3d 938, 940; Masullo v City of New York, 253 AD2d 541, 542; cf. Piccone v Metropolitan Tr. Auth., 205 AD3d 628). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324). For the same reason, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Sachi and the BAPS defendants.
"Labor Law § 200 is a codification of the common-law duty of property owners, contractors, and their agents to provide workers with a safe place to work" (Doto v Astoria Energy II, LLC, 129 AD3d 660, 663; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352). "Where a plaintiff's injuries are alleged, as here, to arise from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 if it 'either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition'" (Miller v R.L.T. Props., Ltd., 206 AD3d 648, 650, quoting Rojas v Schwartz, 74 AD3d 1046, 1047; see Alberici v Gold Medal Gymnastics, 197 AD3d 540, 543; Carey v Five Bros., Inc., 106 AD3d at 940). "A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Hamm v Review Assoc., LLC, 202 AD3d 934, 937; see Nicoletti v Iracane, 122 AD3d 811, 812).
Here, Sachi and the BAPS defendants failed to establish, prima facie, that they lacked actual or constructive notice of the allegedly dangerous condition of the manhole, as the evidence they submitted in support of their motion did not eliminate triable issues of fact as to whether the allegedly dangerous condition of the manhole should have been discovered upon a reasonable inspection (see Miller v R.L.T. Props., Ltd., 206 AD3d 648; Nicoletti v Iracane, 122 AD3d 811; Carey v Five Bros., Inc., 106 AD3d at 940). Accordingly, the Supreme Court should have denied those branches of the motion of Sachi and the BAPS defendants which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them (see Winegrad v v New York Univ. Med. Ctr., 64 NY2d 851, 853). For the same reason, the court properly denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against Sachi and the BAPS defendants.
To establish liability under Labor Law § 241(6), a plaintiff must "establish the violation of an Industrial Code provision which sets forth specific safety standards," and which "is applicable under the circumstances of the case" (Aragona v State of New York, 147 AD3d 808, 809). Industrial Code (12 NYCRR) § 23-1.7(b)(1)(i) states, in relevant part, that "[e]very hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing."
Here, the plaintiff established, prima facie, that 12 NYCRR 23-1.7(b)(1)(i) was violated with evidence that the manhole had a hazardous opening large enough for a worker to fall through (cf. Carey v Five Bros., Inc., 106 AD3d at 940; Barillaro v Beechwood RB Shorehaven, LLC, 69 AD3d 543; Rice v Board of Educ. of City of N.Y., 302 AD2d 578, 579; Alvia v Teman Elec. Contr., 287 AD2d 421, 422), and lacked a covering sufficient to prevent a worker from doing so (see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 447, 450; see also [*4]Restrepo v Yonkers Racing Corp., Inc., 105 AD3d 540, 541). In opposition, Sachi and the BAPS defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324). Contrary to the contentions of Sachi and the BAPS defendants, their evidence that a concrete cover had been placed over the manhole at some point prior to the plaintiff's accident failed to raise a triable issue fact as to whether the covering was sufficiently substantial, as there is no dispute that the covering was either missing or broken at the time of the plaintiff's accident (see Restrepo v Yonkers Racing Corp., Inc., 105 AD3d at 541). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(b)(1)(i) insofar as asserted against Sachi and the BAPS defendants. For the same reasons, the court should have denied that branch of the motion of Sachi and the BAPS defendants which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(b)(1)(i) insofar as asserted against them.
BARROS, J.P., MALTESE, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court