Hossain v Condominium Bd. of Grand Professional Bldg. (2023 NY Slip Op 06128)

Hossain v Condominium Bd. of Grand Professional Bldg.

2023 NY Slip Op 06128

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
HELEN VOUTSINAS
LOUDES M. VENTURA, JJ.

2020-03010
 (Index No. 6792/15)

[*1]Mohammed Iqbal Hossain, respondent,
v
Condominium Board of Grand Professional Building, et al., appellants, et al., defendants.

Voute, Lohrfink, McAndrew, Meisner & Roberts, LLP, White Plains, NY (Charles D. Lohrfink, Jr., of counsel), for appellants.
Bornstein & Emanuel, P.C. (Marie R. Hodukavich, Peekskill, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Condominium Board of Grand Professional Building and G Buddy, Inc., appeal from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated January 28, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law § 240(1) and (2) insofar as asserted against those defendants and denied those branches of those defendants' cross-motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1), (2), and 241(6) insofar as asserted against the defendant G Buddy, Inc.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law § 240(1) and (2) insofar as asserted against the defendant G Buddy, Inc., and substituting therefor provisions denying those branches of the motion, (2) by deleting the provisions thereof denying those branches of the cross-motion of the defendants Condominium Board of Grand Professional Building and G Buddy, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1), (2), and 241(6) insofar as asserted against the defendant G Buddy, Inc., and substituting therefor provisions granting those branches of the cross-motion, and (3) by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(2) insofar as asserted against the defendant Condominium Board of Grand Professional Building, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained while performing pointing work on the facade of a building owned by the defendant Condominium Board of Grand Professional Building (hereinafter the Board), and managed by the defendant G Buddy, Inc. (hereinafter G Buddy, and together with the Board, the defendants). The plaintiff allegedly was injured when a rope scaffold on which he was working, [*2]which he was operating alone, swung and hit the building. The complaint sets forth causes of action alleging, among other things, violations of Labor Law §§ 240(1), (2), and 241(6). Thereafter, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law § 240(1) and (2) against the defendants. The defendants cross-moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1), (2), and 241(6) insofar as asserted against G Buddy. In an order dated January 28, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied those branches of the defendants' cross-motion. The defendants appeal.
The Supreme Court should have granted those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1), (2), and 241(6) insofar as asserted against G Buddy. The express terms of Labor Law §§ 240 and 241(6) provide that "the nondelegable duties imposed by those statutes apply only to 'contractors and owners and their agents'" (Krajnik v Forbes Homes, Inc., 120 AD3d 902, 904; see Blake v Neighborhood Hous. Servs. of N.Y. City, Inc., 1 NY3d 280, 293). "To hold a defendant liable as an agent of the general contractor or the owner for violations of Labor Law §§ 240(1) and 241(6), there must be a showing that it had the authority to supervise and control the work that brought about the injury" (Fiore v Westerman Constr. Co., Inc., 186 AD3d 570, 571; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 293; Russin v Louis N. Picciano & Son, 54 NY2d 311, 318). Here, G Buddy established, prima facie, that it was not an agent of either the Board or the contractor at the time of the plaintiff's accident by submitting evidence demonstrating that G Buddy had no control over or supervisory responsibilities on the worksite (see Bonkoski v Condos Bros. Constr. Corp., 216 AD3d 612, 614-615; Fiore v Westerman Constr. Co., Inc., 186 AD3d at 571-572). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
For these reasons, the Supreme Court also erred in granting those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law § 240(1) and (2) insofar as asserted against G Buddy.
The plaintiff established his prima facie entitlement to judgment as matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the Board. Labor Law § 240(1) "imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657). To prevail on a Labor Law § 240(1) cause of action, "a plaintiff must prove that the defendant violated the statute and that such violation was a proximate cause of his or her injuries" (Exley v Cassell Vacation Homes, Inc., 209 AD3d 839, 840). Contrary to the Board's contention, there is no bona fide dispute as to whether the plaintiff's accident occurred or an issue of fact as to whether the accident occurred while the plaintiff was working on a rope scaffold that failed to provide proper protection. In opposition to the plaintiff's prima facie showing, the Board failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the Board (see Runner v New York State Stock Exch., Inc., 13 NY3d 599).
To establish liability pursuant to Labor Law § 240(2), there must be proof that "the subject scaffolding was more than 20 feet above the ground and lacked properly secured safety rails, and that the failure to provide such protection was a proximate cause of plaintiff's injuries" (Tama v Gargiulo Bros., Inc., 61 AD3d 958, 960; see Viera v WFJ Realty Corp., 140 AD3d 737, 739). Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(2) insofar as asserted against the Board (see Viera v WFJ Realty Corp., 140 AD3d 737). Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(2) insofar as asserted [*3]against the Board (see Viera v WFJ Realty Corp., 140 AD3d 737).
LASALLE, P.J., BARROS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court