Bustamante v BSD 370 Lexington, L.L.C. (2026 NY Slip Op 01180)

Bustamante v BSD 370 Lexington, L.L.C.

2026 NY Slip Op 01180

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2024-07704
 (Index No. 513306/19)

[*1]Melvin J. Bustamante, appellant,
vBSD 370 Lexington, L.L.C., et al., respondents (and a third-party action).

Greenberg & Stein, P.C., New York, NY (Ian Asch of counsel), for appellant.
Gerber Ciano Kelly Brady LLP, Buffalo, NY (Matthew S. Lerner and Brendan Fitzpatrick of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Caroline Piela Cohen, J.), dated May 9, 2024. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-5.1(b), 23-5.1(c)(2), 23-5.18(b), and 23-1.7(e)(2).
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-5.18(b), and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The defendant BSD 370 Lexington, L.L.C., contracted for the plaintiff's employer, Gateway Builders Corp., inter alia, to perform certain renovation work at a building it owned on Lexington Avenue in Manhattan. The plaintiff's assigned work on the project required him to stand on top of a Baker scaffold. As the plaintiff was attempting to move the scaffold while standing on the platform of the scaffold, the scaffold toppled over and the plaintiff fell five to six feet to the floor below.
The plaintiff subsequently commenced this action against the defendants to recover damages for personal injuries, alleging, among other things, violations of Labor Law §§ 240(1) and 241(6). The plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-5.1(b), 23-5.1(c)(2), 23-5.18(b), and 23-1.7(e)(2). The defendants opposed the motion. By order dated May 9, 2024, the Supreme Court, among other things, denied those branches of the plaintiff's motion. The plaintiff appeals.
"'Labor Law § 240(1) imposes a nondelegable duty [and absolute liability] upon owners and general contractors and their agents to provide safety devices necessary to protect workers from risks inherent in elevated work sites'" (Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727, 728, quoting Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 720). "To prevail on a cause of action alleging a violation of Labor Law § 240(1), a plaintiff must prove that the defendant violated the statute and that such violation was a proximate cause of his or her injuries" (id.; see Hossain v Condominium Bd. of Grand Professional Bldg., 221 AD3d 981, 983). "Once the plaintiff makes a prima facie showing the burden then shifts to the defendant, who may defeat [the] plaintiff's motion for summary judgment only if there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that [the] plaintiff's own acts or omissions were the sole cause of the accident" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8; see Masmalaj v New York City Economic Dev. Corp., 197 AD3d 1292, 1293).
Here, the plaintiff met his prima facie burden of demonstrating a violation of Labor Law § 240(1) and that this violation was a proximate cause of his injuries by submitting a transcript of his deposition testimony in which he testified that he fell from a scaffold that did not have any safety railings and that he was not provided with any safety devices to keep him from falling (see Morocho v Boulevard Gardens Owners Corp., 165 AD3d 778; Garzon v Viola, 124 AD3d 715, 716). In opposition, the defendants failed to raise a triable issue of fact. Since the plaintiff established a violation of Labor Law § 240(1) and that the violation was a proximate cause of his fall, his comparative negligence, if any, is not a defense to the cause of action alleging a violation of that statute (see Amaro v New York City Sch. Constr. Auth., 229 AD3d 746, 748; Fuentes v 257 Toppings Path, LLC, 225 AD3d 746, 748). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
"'Labor Law § 241(6) imposes on owners and contractors a nondelegable duty to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed'" (Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d 1253, 1258, quoting Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086). "To prevail on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must establish the violation of an Industrial Code provision that sets forth specific, applicable safety standards, and that his or her injuries were proximately caused by such Industrial Code violation" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 718; see Aragona v State of New York, 147 AD3d 808, 809).
Here, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-5.1(b), 23-5.1(c)(2), and 23-1.7(e)(2), as the plaintiff failed to establish, prima facie, the applicability of those Industrial Code provisions. However, the court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-5.18(b), as the plaintiff established, prima facie, that the manually propelled scaffold lacked safety railings (see id.; Morocho v Boulevard Gardens Owners Corp., 165 AD3d 778, 778-779; Moran v 200 Varick St. Assoc., LLC, 80 AD3d 581, 582-583), and the defendants failed to raise a triable issue of fact in opposition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
CONNOLLY, J.P., WOOTEN, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court